**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Antonio ROMERO–MONTIEL,**
**aka, Jesus Romero–Montiel**
**Defendant–Appellant.**

**No. 00–50700.**
**D.C. No. CR–00–01393–JTM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2002 *.

Decided Feb. 5, 2002.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY, District Judge.**

MEMORANDUM ***

Appellant Jesus Romero–Montiel appeals his conviction for possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841. Appellant contends that the district court erred in denying his motion to suppress evidence. Appellant also contends that the district court erred in not dismissing the indictment under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

This court reviews the district court's denial of a motion to suppress evidence de novo. *United States v. Kemmish*, 120 F.3d 937, 939 (9th Cir.1997). Because the government concedes, and this court assumes without deciding, that this was a non-routine border search, the government must have had reasonable suspicion to conduct this search. *United States v. Montoya de Hernandez*, 473 U.S. 531, 541, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985). Reasonable suspicion, which is a mixed question of law and fact, is also reviewed de novo, *United States v. Nates*, 831 F.2d 860, 862 (9th Cir.1987), but underlying factual determinations are reviewed for clear er-

ror. *United States v. Ogbuehi*, 18 F.3d 807, 812 (9th Cir.1994).

The district court did not err in concluding that the customs agents reasonably suspected Mr. Romero of smuggling contraband. Reasonable suspicion of criminal activity exists when an officer is aware of specific, articulable facts that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed, or is about to commit, a crime. *United States v. Salinas*, 940 F.2d 392, 394 (9th Cir. 1991). The court must look to the totality of the circumstances to determine whether an officer had reasonable suspicion. *United States v. Montero–Camargo*, 208 F.3d 1122, 1129 (9th Cir.2000). Here, several specific facts supported a finding of reasonable suspicion: en route from Mexico, appellant's truck registered a "narcotics hit" in the TECS computer; an inspector with training in detecting false compartments suspected the existence of such a compartment in appellant's truck; a wall "density measurer" confirmed this agent's suspicion; and a drug dog scratched at the false wall. Under the totality of the circumstances, the court did not err in concluding that there was reasonable suspicion to search appellant's vehicle by drilling into it.

Appellant attacks 21 U.S.C. § 841 as facially unconstitutional under *Apprendi*. This court reviews de novo the district court's determination that a statute is constitutional. *United States v. Kaluna*, 192 F.3d 1188, 1193 (9th Cir.1999). As this court recently held, section 841 is not facially unconstitutional under *Apprendi* because it does not require the trial court to determine the quantity or type of drugs.

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.